IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDY KESSLER, BRENDA KESSLER,                    Civ. No. 1:13-cv-01022-CL

Plaintiffs,

FINDINGS AND
RECOMMENDATION

v.

OREGON HEALTH AND SCIENCE
UNIVERSITY, DR. THOMAS J. VALVANO,
M.D., and SARAH POWERS,

Defendants.

CLARKE, Magistrate Judge.

This matter comes before the court on Defendant's motions (#13) to dismiss for lack of

subject matter jurisdiction.  Plaintiffs have not filed a response.  For the reasons below,

Defendant's motions should be GRANTED and the complaint (#2) DISMISSED without

prejudice.

## BACKGROUND

On June 18, 2013, Plaintiffs Randy and Brenda Kessler ("Plaintiffs") filed a pro se

complaint against Oregon Health and Science University ("OHSU"), Thomas Valvano, M.D.,

and Sarah Powers ("Defendants"). Plaintiffs allege defendant Dr. Valvano diagnosed Ms.

Kessler "based solely on hearsay," violated the Health Insurance Portability and Accountability

Act ("HIPAA") and unspecified other privacy laws, and lied under oath regarding Ms. Kessler's

diagnosis, causing mental anguish, pain and suffering. Plaintiffs also claim that defendant

OHSU "allow[ed] unethical medical practices" and allowed staff to disclose private information.

Plaintiffs seek relief in the form of a written apology from Dr. Valvano, termination of

Defendant Sarah Powers, and a sum of $180,000 for pain, suffering, mental anguish, and

emotional distress. Plaintiffs allege jurisdiction based on a federal question, and do not allege

diversity of citizenship. Defendants move to dismiss the complaint under Rule 12(b)(1), arguing

(1) the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331, and (2) the Court lacks

subject matter jurisdiction based on sovereign immunity under the Eleventh Amendment.

## LEGAL STANDARD

The federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v.
Allapattah Servs.*, 545 U.S. 546, 552, 125 S.Ct. 2611 (2005). Therefore, the presumption is

against jurisdiction and "the burden of establishing the contrary rests upon the party asserting

jurisdiction." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Federal subject matter jurisdiction is available only when there is complete diversity of

citizenship among the parties and the amount in controversy exceeds $75,000 or a "federal

question" is presented. 28 U.S.C. §§ 1331, 1332. The "federal question" statute, 28 U.S.C.

§1331, provides: "[t]he District Courts shall have original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States." The Supreme Court has held that

Congress must specifically create a private right for an action to "arise under" federal law for the

purposes of 28 U.S.C. § 1331. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

## DISCUSSION

### 1.    First Motion to Dismiss

Defendants first argue that the court lacks subject matter jurisdiction under 28 U.S.C. §

1331. Because Plaintiffs have not alleged diversity jurisdiction, Plaintiffs bear the burden of

establishing jurisdiction based on a federal question. *Vacek*, 447 F.3d at 1250.

Here, Plaintiffs appear to allege state law tort claims. *See Meyer v. Trinity Medical

Center*, 983 F.2d 905, 907-08 (9th Cir. 1993) (affirming lack of federal question jurisdiction over

malpractice and wrongful death claims). Insofar as Plaintiffs appear to raise a federal issue

under HIPAA, that is not sufficient to confer federal question jurisdiction because HIPAA does

not provide a private right of action. *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078,

1081-82 (9th Cir. 2007) (affirming no subject matter jurisdiction under HIPAA because HIPAA

"provides no private right of action"); *see also Sandoval*, 532 U.S. at 286 (Congress must have

specifically provided for a private remedy in order for a federal statute to confer subject matter

jurisdiction). Therefore, Plaintiffs' complaint should be dismissed for lack of subject matter

jurisdiction.

### 2.    Second Motion to Dismiss

Defendants move in the alternative to substitute OHSU as sole defendant and then move

to dismiss based on sovereign immunity under the Eleventh Amendment. Oregon law provides

that its public bodies are subject to liability for the torts "of its officers, employees and agents

acting within the scope of their employment or duties." O.R.S. § 30.265(1). Pursuant to O.R.S.

§ 30.267, "all services ... that are provided on the Oregon Health and Science University campus

... are within the scope of ... state employment duties" when performed by OHSU physicians

and staff. Defendants Dr. Valvano and Ms. Powers were thus acting within the scope of their

employment or duties when they engaged in the activities mentioned in the complaint.
Therefore, defendant OHSU should be substituted as the sole defendant in this matter pursuant to
O.R.S. § 30.265(1).

The Eleventh Amendment bars citizens from bringing suit in federal court against a state
or state agency, unless immunity is waived by the state or abrogated by Congress. *Pennhurst
State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-101 (1984). Eleventh Amendment
immunity extends to entities created by state governments that operate as state instrumentalities.
*Regents of University of California v. Doe*, 519 U.S. 425, 429-30 (1997).

OHSU is a public corporation created by the state of Oregon and defined by the Oregon
legislature as an instrumentality of the state of Oregon. *See, e.g.*, O.R.S. §§ 353.010(2), (3),
353.020. The Court thus finds that OHSU is an instrumentality of the state for purposes of
sovereign immunity. *See Daniel v. American Bd. Of Emergency Medicine,* 988 F.Supp. 127, 164
(W.D.N.Y. 1997) (OHSU is an instrumentality of the state and thus entitled to Eleventh
Amendment immunity). As neither the state or Oregon nor OHSU has consented to this suit, and
Plaintiffs have not asserted any claims based on federal law, there has been no waiver of
immunity.[1] Thus, OHSU is protected from this suit under the Eleventh Amendment, and
Plaintiff's second motion to dismiss should be granted.

**3.    Leave to Amend**

If the court dismisses a complaint, it must decide whether to grant leave to amend. *See*
28 U.S.C. § 1653. The Ninth Circuit has repeatedly held that dismissal without leave to amend
is improper, even if no request to amend the pleading was made, unless it is clear that the

---

[1] Nor does the *Es Parte Young* doctrine apply in this case to allow jurisdiction where it is otherwise barred by
Eleventh Amendment sovereign immunity. *Ex Parte Young*, 209 U.S. 123, 166 (1908); *see Edelman v. Jordan*, 415
U.S. 651, 677 (1974) (holding that there is no exception to sovereign immunity for suits seeking money damages for
past harms).

defective pleading cannot possibly be cured by the allegation of additional facts. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n. 6 (9th Cir.2002) (*citing Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir.2001)); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, it is not clear from the complaint that Plaintiffs' claims cannot be cured by the allegation of additional facts. Thus, Plaintiffs should be granted leave to amend.

## CONCLUSION

After careful consideration of Plaintiffs' complaint in light of the Rule 12(b) standard, Defendants' motions to dismiss (#13) should be GRANTED and the complaint should be DISMISSED without prejudice.

DATED this _____ day of OCTOBER, 2013

_____
MARK D. CLARKE
United States Magistrate Judge